Halpin v. Townsend.

---

# New York Supreme Court.

*General Term, First Department—March,* 1884.

## JULIA H. HALPIN, *against* THOMAS. C. TOWNSEND, IMPLEADED, &C.

The owner, lessee or occupant of a tenement is under no legal obligation to keep lights in the hallways of the house, nor to maintain hand-rails. The absence of lights or hand-rails does not prove negligence.

Appeal from a judgment entered on dismissal of complaint at circuit.

*Edward P. Wilder,* for appellant.

*Erastus New,* for respondent.

DAVIS, P. J.—The complaint in this case was dismissed on the testimony given on the part of the plaintiff. The action was to recover damages for an injury suffered by plaintiff in falling down a flight of stairs in a building of

which the defendant was the general lessee. The defendant occupied the first story as a store, and sublet the stories above to several tenants. One of his tenants had rooms in an adjoining building from which a door opened within her rooms in defendant's building. Access to the latter was by a staircase enclosed on one side with a board partition and on the other by the wall of the building. The landing above was narrow, and from it a door opened directly into the tenant's room. There was no hand-rail to the stairs. The building was constructed in this way by the owner, who leased the same in that condition to the defendant. The sub-tenants had used it in that way for several years without injury from accidents. On the occasion of the injury sued for, the plaintiff had come to the room of the tenant, who had rooms in both buildings, on business relative to work she was doing or expected to do, and accompanied her from her room in the adjoining building to her rooms rented of the defendant, and was going thence to see the room of a gentleman in the same building, for whom she was expecting to do some washing, and in doing so, followed the tenant out of the door to her room on to the landing of the stairway, which was un-lighted and dark, and as she did not see the stairway and walked forward without knowing it was there, she stepped off the landing and fell downstairs, breaking her arm and otherwise severely injuring herself. The defendant was not shown to have kept a light in the hall or to have been under any obligation to do so. It was not shown that he had changed or altered the stairway or landing in any wise ; or that there had ever been a hand-rail on the stair-case. It seems clear that the defendant owed no greater degree of care to the plaintiff than to his tenant whom she accompanied. The plaintiff was lawfully there, be-cause she was on business with her, or was acting on her invitation ; but this circumstance casts no further liability upon defendant than such as existed between him and the tenant. The tenant, whom she followed out of the room,

Halpin *v.* Townsend.

gave the plaintiff no warning of danger as she stepped from a room lighted with gas into a dark hall, and plaintiff, not anticipating danger, took no precaution against it, but walked directly forward to and fell down the stairs.

Whether a hand-rail would have saved her is merely matter of conjecture. Possibly it might, but as in the darkness she would not perhaps have seen it, the probability is against it being of any service to save her fall. But assuming there was negligence on the part of defendant in not having a hand-rail on the staircase, it seems clear to us, that the plaintiff was herself negligent in stepping from a lighted room into an unknown place in the darkness where she says she could see nothing, and walking forward without inquiry or any precaution against danger. The tenant should have warned her, but her omission to do so is not negligence attributable to defendant, nor does it excuse plaintiff, so far as her relation to defendant was concerned, for any negligence of her own.

It is impossible we think, to see that on the evidence in the case the plaintiff was free from negligence which contributed to the happening of the injury.

Under such a state of facts, the rule which prevents her recovery is too well established to need the citation of authorities. The court was, therefore, right in dismissing the complaint, and the judgment must be affirmed.

DANIELS, J., concurred.

BRADY, J., dissented.

Affirmed, 107 *N. Y.* 683.